IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANETTA L. STORY PLAINTIFF

vs. Civil No. 1:10-cv-01045

MICHAEL J. ASTRUE DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Anetta L. Story ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **AFFIRMED.**

**1. Background:**

Plaintiff filed an application for SSI on November 5, 2007. (Tr. 16, 95-97). Plaintiff alleged she was disabled due to problems with hands, legs, neck, shoulders, feet and lower back. (Tr. 111). Plaintiff alleged an onset date of January 1, 2003. (Tr. 95). This application was denied initially and again upon reconsideration. (Tr. 51-58). On July 31, 2008, Plaintiff requested an administrative hearing on her application. (Tr. 59).

This hearing request was granted, and a hearing was held on July 16, 2009 in El Dorado,

Arkansas. (Tr. 32-48). At this hearing, Plaintiff was present and was represented by counsel, Denver Thornton *Id.* Plaintiff and Vocational Expert ("VE") Millard Sales testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a high school education. (Tr. 35).

On November 17, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI and a period of disability. (Tr. 16-28). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 5, 2007. (Tr. 18, Finding 1). The ALJ determined Plaintiff had the severe impairments of osteoarthritis of her left knee, backache, and depression. (Tr. 18, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18-20, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 20-26, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the RFC to perform light work with non-exertional limitations due to depression. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had no PRW. (Tr. 26, Finding 5). The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 26-27, Finding 9). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements

of a representative occupation such as a shoe packer or cold food packer with approximately 4,000 such jobs in Arkansas and 470,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from November 5, 2007 through the date of the ALJ's decision or through November 17, 2009. (Tr. 27, Finding 10).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 10-11). *See* 20 C.F.R. § 404.968. On May 6, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 1-5). On June 23, 2010, Plaintiff filed the present appeal. ECF No. 1. This case is now ready for decision.

**2. <u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year

and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

Plaintiff filed the present appeal claiming the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 6. Specifically, in her appeal brief, Plaintiff claims

the following: (A) the ALJ failed to properly consider the combined effects of Plaintiff's impairments; (B) the ALJ failed to properly consider the opinions of lay witnesses; and (C) the ALJ failed to properly develop the record *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 7.

**A. The ALJ's Consideration of Impairments in Combination**

Plaintiff claims the ALJ erred when he failed to consider Plaintiff's impairments in combination. ECF No. 6, Pgs 4-7. The ALJ found that Plaintiff had severe impairments due to osteoarthritis of her left knee, backache, and depression. (Tr. 18, Finding 2). Defendant argues the ALJ found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (Tr. 18, Finding 3). The Defendant asserts that this finding shows that the ALJ sufficiently considered the combined effect of her impairments. ECF No. 7, Page 4.

Under the facts in the present case, this Court finds the ALJ properly considered Plaintiff's impairments in combination. *See Browning v. Sullivan,* 958 F.2d 817, 821 (8th Cir. 1992). The Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523. In the present action, in reviewing Plaintiff's claimed impairments, the ALJ found Plaintiff did not have an impairment or combination of impairments, that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr.16, Finding 4).

The ALJ also found, "after consideration of the entire record," the Plaintiff had the RFC to perform light work with non-exertional limitations due to depression. (Tr. 20, Finding 4). The ALJ went on to state Plaintiff's RFC would not preclude her from performing other work that exists in

significant numbers in the national economy. (Tr. 26, Finding 9). These statements are sufficient in the Eighth Circuit to establish that the ALJ properly considered the combined effect of a plaintiff's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments). Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination.

**B. Lay Witnesses Opinions**

Plaintiff claims the ALJ erred in his treatment of statements from two lay witnesses regarding their opinions of Plaintiff's disability and ability to function in the workplace. ECF No. 6, Pgs. 7-10. The statements were from Ethel King, Principle of Central Elementary School (Tr. 153), and Tineuta Hardin, Housing Counselor for the City of Magnolia. (Tr. 164).

Ms. King indicated in her statement her opinion that Plaintiff suffered with depression, hopelessness, and inability to retain work for many years. (Tr. 153). Ms. King also indicated that because of Plaintiff's mental state, there is something wrong her level of functioning and reason. (Tr. 153). Ms. Hardin's statement indicated Plaintiff had functional and workplace difficulties including: slow to understand things; cannot work in public; and problems with her legs. (Tr. 164).

The ALJ, in his opinion considered the statements of Ms. Hardin and Ms. King and found both statements merely corroborated Plaintiff's testimony regarding the nature and severity of the symptoms. (Tr. 21). The ALJ also found both statements were inconsistent with substantial evidence of record, appearing to be based on uncritical acceptance of Plaintiff's complaints, and their desire to see Plaintiff receive benefits. (Tr. 22).

As argued by Defendant, the facts in this case are similar to the facts the Eighth Circuit considered in *Ostronski v. Chater*, 94 F.3d 413 (8th Cir. 1996). In *Ostronski*, the Eighth Circuit found the ALJ properly considered the lay witnesses' testimony and refused to place controlling weight on it because the lay witnesses were not qualified to render an opinion as to claimant's capacity to work; the testimony merely corroborated the claimants' testimony regarding her activities; and the testimony conflicted with the medical evidence regarding claimants' functional capabilities.

In this matter, the ALJ had a basis for discounting Plaintiff's lay witness testimony. This Court finds no error in the ALJ's treatment of the statements for Ms. King and Ms. Hardin.

**C. Duty to Fully Develop the Record**

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).

In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ should have obtained a consultative psychological evaluation, and as a result of not doing so, the ALJ failed in the duty to properly develop the record. Defendant argues

substantial evidence shows the ALJ met his duty to fairly develop the record.

To begin with, Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The evidence shows Plaintiff's mental impairments due to anxiety and depression were controlled with medications. (Tr. 190). On June 13, 2006, Plaintiff was seen by Dr. Sherri L. Diamond. (Tr. 190). Dr. Diamond indicated Plaintiff informed her the medicine Fluoxetine helped with her depression. (Tr. 190). On April 9, 2007, Plaintiff was seen by Dr. Diamond for a follow up. (Tr. 168). The Plaintiff indicated the antidepressant medication Zoloft helped her anxiety-type symptoms, and the antidepressant medication Sertraline helped her depression symptoms. (Tr. 168). If an impairment can be controlled by treatment or medication, it cannot be considered disabling. *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993).

Plaintiff attempts to establish the need for a psychological evaluation based on Plaintiff's testimony that she has trouble with memory and concentration; could not remember instructions; and has trouble explaining things. (Tr. 36-37). The Court does not find that this testimony establishes the need for further psychological testing.

I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record. This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 21st day of April, 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE